In the Matter of NEW YORK BUS TOURS, INC., Appellant, v RAYMOND T. SCHULER, as Commissioner of Transportation, Department of Transportation of the State of New York, Respondent.

Third Department, April 7, 1977

*Samuel B. Zinder, P. C.* for appellant.

*Bernard Sack (Michael D. McDonald* of counsel), for respondent.

MAHONEY, J. Petitioner is a bus company operating a bus line pursuant to a certificate of public convenience and necessity issued by the Department of Transportation. Petitioner also holds both a permit for the transportation of "chartered" parties (Transportation Law, § 203, subd 3) and an authorization to operate as a "contract carrier" (Transportation Law, § 203, subd 2).

Prior to September 1, 1973 a "chartered" bus operator could originate such service at various points lying along the bus route delineated in its certificate of convenience and necessity. On that date, however, the respondent commissioner amended

the regulations with respect to service points authorized for charter permittees (17 NYCRR 700.3). The effect was to reduce the number of service points as points of origin for "chartered" parties. A "grandfather" clause was adopted which provided that any charter operator aggrieved by the rule change could file "contract" applications to serve points formerly served under its charter permit. Petitioner applied for such relief and, after a hearing, respondent amended petitioner's contract carrier permit to include only a portion of the authority sought based on petitioner's showing of past charter services rendered.* Reconsideration by respondent was denied and this article 78 proceeding was commenced to annul respondent's determination wherein it is alleged that pursuant to subdivision 3 of section 203 of the Transportation Law petitioner is entitled to a permit authorizing it to transport special or chartered parties to all points in the State from points along its omnibus line. Special Term dismissed the petition. This appeal ensued.

The subject statute (Transportation Law, § 203, subd 3) provides that: "Any bus company operating a bus line pursuant to certificate of public convenience and necessity issued by the commissioner shall be granted a permit upon application therefor * * * authorizing it to transport special or chartered parties to all points in the state *under such rules and regulations as the commissioner shall prescribe."* (Emphasis added.) Pursuant to this statutory authority the following regulation was adopted: "If regular route operations are limited to the transportation of passengers originating at, or destined to, a specified facility * * * only special or chartered parties originating at said specified facility may be transported to any point in the State of New York and return". (17 NYCRR 700.3 [c] [5].) Therefore, since petitioner's certificate of public convenience and necessity authorizes it to provide service from points in New York City and Westchester County to specified facilities only (racetracks on Long Island), all located in the New York metropolitan area, the subject regulation (17 NYCRR 700.3 [c] [5]) limits its special and charter party services to and from such recreational areas to any point in New York State. In sum, the specified areas became the points

---

* Petitioner's proof showed 653 intrastate charter moves. Of this total, 649 were confined to a contiguous 23-county region which included New York City, Long Island and counties in the Catskill and Hudson Valley regions. Only four trips were made outside this area.

of origin of chartered or special parties rather than any point along petitioner's omnibus line.

A view of the statutory scheme (Transportation Law, art 9) for the regulation of common carriers of residents of this State and others clearly evidences a pattern of control that is in the public interest. It is the policy of this State to regulate transportation by contract carrier (Transportation Law, § 200) and that regulation is based on the premise that the transportation of special or chartered parties pursuant to permit must be consistent with the underlying certificate of convenience and necessity (17 NYCRR 700.3). Further, subdivisions 7 and 8 of section 202 of the Transportation Law give the respondent "power to fix the territory in which a contract carrier * * * may operate". Thus, it cannot be said that respondent's determination limiting the points of origin for chartered and special parties by petitioner was improper *(Matter of Bee Line v Feinberg,* 7 AD2d 814). To hold otherwise would be tantamount to enlarging by permit the rights of petitioner to transport people by charter or contract beyond those granted in its certificate of public convenience and necessity. The statutory purpose (Transportation Law, § 203, subd 3) is to grant incidental charter service rights to bus lines operating pursuant to certificates of public convenience and necessity within the rules promulgated by respondent to insure that such incidental rights spring from and are dependent upon the original grant of authority in the certificate and not superior to it. Such is the effect of the regulation attacked herein.

The judgment should be affirmed, without costs.

GREENBLOTT, J. P., KANE, MAIN and HERLIHY, JJ., concur.

Judgment affirmed, without costs.